UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOUIS GUIDRY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GENE VOROBYOV,<br><br>　　　　　Defendant. | No. 2:19-cv-0736 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a federal prisoner proceeding pro se with a civil rights action and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. He has also filed a motion for summary judgment.

I.　　Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No 2. Accordingly, the request to proceed in forma pauperis will be granted.

II.　　Statutory Screening of Complaints for Plaintiff's Proceeding In Forma Pauperis

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

////

A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint alleges that defendant Vorobyov violated plaintiff's Sixth Amendment rights when he provided ineffective assistance of counsel that resulted in plaintiff's conditional release being revoked under 18 U.S.C. § 4246(f) and plaintiff being civilly committed under 18 U.S.C. § 4243(d). ECF No. 1. The contemporaneously filed motion for summary judgment states that plaintiff remains in custody to this date. ECF No. 3 at 2.

IV. Failure to State a Claim

A. No Government Action

Although plaintiff does not identify the case in which defendant Vorobyov represented him, review of this court's records reveals that Vorobyov was appointed to represent plaintiff in United States v. Guidry, No. 2:01-cr-0024 JAM.[1] Accordingly, to the extent plaintiff appears to be attempting to state a claim against his former attorney under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), his claim fails because an attorney appointed to represent an indigent defendant does not act under color of federal law. See Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982) (affirming dismissal of Bivens action against federal defender because a public defender does not act under color of federal law). Because a Bivens action lies only against federal officers, and an attorney appointed to represent an indigent criminal defendant does not act as a federal officer, plaintiff cannot maintain a Bivens action.

B. Heck Bar

Even if plaintiff could state a claim against defendant Vorobyov under Bivens, this action would still be barred because plaintiff remains civilly committed and success on the merits "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The court in Heck held that in order to recover damages, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

---

[1] "[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (citations omitted); Fed. R. Evid. 201(b)(2)).

3

determination, or called into question by a federal court's issuance of writ of habeas corpus." Id. at 486-87. "[T]he rationale of Heck applies to Bivens actions," Martin v. Sias, 88 F.3d 774 (9th Cir. 1996), and to actions challenging civil commitments where the detainee has access to habeas relief, Huftile v. Micco-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005); see also 18 U.S.C. § 4247(g) ("Nothing contained in section 4243, 4246, or 4248 precludes a person who is committed under either of such sections from establishing by writ of habeas corpus the illegality of his detention."). Under Heck, plaintiff is barred from seeking damages in a civil suit until such time that he can demonstrate his revocation and civil commitment have been reversed or otherwise overturned.

    C. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that amendment would be futile. The complaint should therefore be dismissed without leave to amend.

V.     Motion for Summary Judgment

Plaintiff also moves for summary judgment on the ground that the United States has defaulted by failing to respond to his motions. ECF No. 3. The United States is not a party to this action and even if it were, since the motion was filed with the complaint, there are no grounds for default. The motion for summary judgment must therefore be denied.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

A recommendation is being made to dismiss your complaint without leave to amend

because your allegations do not state any claims for relief. You cannot sue your attorney in a civil action for violating your Sixth Amendment rights and even if you could, you would have to overturn your commitment order first.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 3) be denied.
2. The complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 1, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE